**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ASHANTI AKINTUNDA CHERRY,

                   Petitioner,    :      Case No. 3:26-cv-00006

    - vs -                          District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

NORMAN ROBINSON, WARDEN,
 Southeastern Correctional Institution,

                                   :
                         Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case was brought *pro se* by Petitioner Ashanti Akintunda Cherry pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Court of Common Pleas on charges of kidnapping, felonious assault, and having weapons under disability. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Respondent's Return of Writ (ECF No. 5), and Petitioner's Traverse (ECF No. 9).  With the filing of the Traverse, the case is ripe for decision.

**Litigation History**

On October 10, 2023, the Clark County Grand Jury handed down an indictment charging Cherry with one count of kidnapping in violation of Ohio Revised Code § 2905.01(A)(3), one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2), one count of

1

abduction in violation of Ohio Revised Code § 2909.05(A)(2), one count of strangulation in violation of Ohio Revised Code § 2903.18(B)(2), one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(1), and one count of Tampering With Evidence in violation of Ohio Revised Code § 2921.12(A)(1) (Indictment, State Court Record ECF No. 4, Ex. 1).  On November 28, 2023, the case was tried to a jury which convicted Cherry of kidnapping, felonious assault, abduction, and having a weapon while under a disability, but acquitted him on the strangulation and tampering with evidence charges.  The trial judge imposed a sentence of twenty-four years and six months to twenty-nine years and six months.

Cherry appealed to the Ohio Second District Court of Appeals which affirmed the conviction.  *State v. Cherry*, 2024-Ohio-5344 (Ohio App. 2nd Dist. Nov. 8, 2024).  The Ohio Supreme Court declined to exercise jurisdiction over a further appeal.  *State v. Cherry*, 177 Ohio St. 3d 1455 (2025).  Petitioner then timely filed his Petition in this Court, pleading the following five grounds for relief:

> **Ground One:** The decisions of the Ohio judicary [sic] denying the Petitioner relief from having effective assistance of Trial Counsel as guaranteed is violation of the Sixth Amendments [sic] to the United States Constitution.
>
> **Supporting Facts:** Counsels performance was deficient when he fail to file a motion to suppress law enforcement interview and interrogation including failing to object to prosecutor's introduction of new evidence during the disposition, deprived Petitioner of a fair trial. No fair minded jurist could agree with the State Court. Petitioner is in custody in violation of the Sixth Amendments Constitution of the United States to have effective assistance of Trial Counsel.  Cherry was prejudice [by] Trial Counsel when he fail to file a motion to suppress law enforcement interview and interrogation including failing to object to prosecutor's introduction of new evidence during disposition, deprived petitioner of a fair trial and undermines one's confidence in the outcome of the direct appeal. Ohio's adjudication of this issue resulted in a decision that

was contrary to or an unreasonable application of *Evitts v. Lucey*, 469 U.S. 387 (1985).

**GROUND TWO:** The Court admitted inappropriate hearsay evidence over objection constituted an abuse of judicial discretion.

**Supporting Facts:** 1) The 911 call made by Christy Jo Stiltner was inappropriately admitted. 2). The interview between law enforcement and Christy Jo Stiltner was inappropriately admitted. 3). The playing of an interview between Jamie Senter, and Detective Sandy Fent was inappropriately admitted. 4). Hearsay testimony of Officer Devore, who testified to what Jamie Senter told him about the incident was inappropriately admitted. 5). Sgt. Pergram's testimony regarding why he took specific actions during his search constitutes inadmissible hearsay.  6). The interview between Detective Massie and Petitioner regarding Jamie Senter arrival time, was inappropriately admitted. 7). The jail calls made by petitioner was inappropriately admitted. Petitioner is in custody in violation of the laws of the United States.  The U.S. supreme Court warned that "while [the prosecutor] may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. *Berger v. United States*, 295 U.S. 78. 88 (1935).  The Court admitted inappropriate hearsay evidence over objection constituted an abuse of judicial discretion and its acts and omissions denied Mr. Cherry his right to a fair trial and sentencing proceeding. Ohio's adjudication of this resulted in a decision that was contrary to or an unreasonable application of *Berger v. United States,* 295 U.S. 78, 88 (1935).
State court rulings on admissibility of evidence may be questioned in a federal habeas corpus proceeding, if they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights. *Bell v. Arn,* 536 F.2d 123, 125 (6th Cir. 1976).

**Ground Three**: The Petitioner was convicted without sufficient evidence to prove beyond a reasonable doubt.

**Supporting Facts**: The State's application of Jackson was Objectively unreasonable in light of the evidence of record. Trace evidence found on a moveable object absent any other circumstantial proof is not sufficient by itself to establish guilt beyond a reasonable doubt. The State did not show that the alleged victim did not come to the house without injury, there was no evidence presented on the time frame of events, where injuries occurred if there was no blood spatter anywhere, and two witnesses who were presented admitted active drug use on the night of the

event at hand. The State provided no physical evidence that a beating accurred [sic] and that it occurred on the premises of Petitioner. The State did not meet their burden of proof. Petitioner is in custody in violation of Due process clause of the Fourteenth Amendment to the United States Constitution.

**Ground Four**: Petitioner prison sentence is Contrary to law.

**Supporting Facts**: The sentence fell outside the range for the offense and is contrary to the United States Constitution. The Court was not required to impose prison time for each firearm specification. The sentence constituted a fundamental defect which inherently results in a complete miscarriage of justice.

**Ground Five**: Wherther [sic] the absence of physical evidence constitute sufficient evidence?

**Supporting Facts:** The State presented a pack of zip ties full of zip ties that were not used and presented no used ties. They presented an unused tarp and noted that there may have been a tarp in the bag on the porch, but noted they did not gather it as evidence. The firearm nor the 1800 bottle had no blood on it and there was no blood spatter anywhere on the walls. (T.P. 417-thur-425 [sic]) No evidence was provided.

(Petition, ECF No. 1, PageID 6-16).

## Analysis

### Ground One:  Ineffective Assistance Of Trial Counsel

In his First Ground for Relief, Cherry asserts he received ineffective assistance of trial counsel when his trial attorney failed to file a motion to suppress and failed to object to the prosecutor's introduction of new evidence.  Respondent urges dismissal because this claim was not presented to the Ohio Supreme Court. Cherry's sole proposed proposition of law in the Ohio Supreme Court was, liberally construed, that there was insufficient evidence to convict (See

4

Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, Ex. 12, PageID 134, posing question "Does the absence of physical evidence constitute sufficient evidence?").  That does not constitute a claim of ineffective assistance of trial counsel and Cherry offers no excusing cause and prejudice for his failure to present this claim to the Ohio Supreme Court.

In order to avoid procedural default and properly exhaust claims brought in habeas, a petitioner must present the same claims to a full cycle of state court consideration.  *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).  Because he failed to present his ineffective assistance of trial counsel claim to the Ohio Supreme Court and has offered no excusing cause and prejudice, his First Ground for Relief is procedurally defaulted and must be dismissed on that basis.

**Ground Two:  Admission of Hearsay Evidence**

In his Second Ground for Relief, Cherry claims his conviction is unconstitutional because of the admission of hearsay evidence and claims this was an abuse of discretion by the trial judge.

Ground Two is procedurally defaulted on the same basis as Ground One:  failure to present it on direct appeal to the Ohio Supreme Court.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  Ground Two is without merit because an abuse of discretion is not unconstitutional.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

**Ground Four**: **Petitioner prison sentence is contrary to law**

In his Fourth Ground for Relief Petitioner claims his sentence is contrary to law. Respondent seeks dismissal because this ground for relief was not presented to the Ohio Supreme Court and Petitioner again offers no excusing cause and prejudice.  Respondent's position is well taken.

**Grounds Three and Five:  Insufficient Evidence to Convict**

In his Third and Fifth Grounds for Relief, Petitioner claims there was insufficient evidence on which to convict him.  In particular in Ground Five he urges that the absence of physical evidence ensures the remaining evidence was insufficient.  Respondent does not claim these grounds are procedurally defaulted.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Supreme Court has held that the Due Process Clause requires that the State present sufficient evidence to persuade a reasonable juror beyond a reasonable doubt that a defendant

committed each element of any charged crimes. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*  A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most

7

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

8

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012)(*per curiam*).   The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims.  *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Cherry's insufficiency of the evidence claim was presented to the Second District Court of Appeals which decided it as follows:

{¶ 90} Cherry's third assignment of error is as follows:
APPELLANT'S CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 91} Cherry asserts that the State did not meet its burden to prove that J.S. did not come to Cherry's home already injured. Cherry argues that evidence around the circumstances of the beating was lacking and that, if J.S. were badly beaten in the trailer, "where was the blood splatter?" He argues that there was little evidence, other than hearsay, that Cherry was the one who harmed the victim. "No evidence was presented that she did not come to his home already in that state, other than the statements from two witnesses that bring their own histories with the justice system to court."

{¶ 92} "'A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law.' " (Citations omitted.) *State v. Williams*, 2022-Ohio-2517, ¶ 44 (2d Dist.)

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

*State v. Stutz*, 2020-Ohio-6959, ¶ 11 (2d Dist.).

9

{¶ 93} R.C. 2905.01(A)(3) proscribes kidnapping and states: "No person, by force, threat, or deception, ... shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: ... (3) To terrorize, or to inflict serious physical harm on the victim or another." R.C. 2903.11(A)(2) proscribes felonious assault: "(A) No person shall knowingly do either of the following: ... (2) Cause or attempt to cause physical harm to another ... by means of a deadly weapon or dangerous ordnance." R.C. 2909.05(A)(2) governs abduction: "(A) No person, without privilege to do so, shall knowingly do any of the following: ... (2) By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear." Finally, R.C. 2923.13 defines having a weapon while under disability: "(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: (1) The person is a fugitive from justice."

{¶ 94} As discussed above, Christy and J.S. testified consistently that, from September 29-30, 2023, Cherry had held J.S. captive and beat her repeatedly with a tequila bottle and a pistol because he believed she had worn a wire to record him. J.S.'s injuries were consistent with the version of events told by Christy and J.S., and specific items described by J.S. were found in Cherry's trailer. J.S.'s blood was also found there. J.S. told Officer Devore and Detective Fent that Cherry had caused her injuries. Moreover, in his recorded jail calls, Cherry schemed to avoid being held accountable, and evidence of a prior conviction that precluded Cherry from possessing a gun was presented. Having reviewed the entire record in a light most favorable to the State, we conclude that Cherry's convictions for kidnapping, felonious assault, and having weapons while under disability were supported by sufficient evidence. The State was not required to affirmatively disprove Cherry's version of the events. Cherry's third assignment of error is overruled.

*State v. Cherry, supra.*

Cherry begins his argument on the merits of his insufficient evidence claim by writing: "There was no evidence presented linking Petitioner Cherry to the charge of kidnapping, felonious assault, abduction, strangulation, weapons under disability, or tampering with evidence." The jury acquitted Cherry of the strangulation and tampering charges, so they are no longer at issue. The

10

Court of Appeals found there was evidence presented showing Cherry's prior conviction such that he was not permitted to possess a firearm.

Most importantly, the Second District found there was direct eyewitness testimony from two people to the kidnapping and felonious assault.  Cherry asks the Court to disregard that testimony because those witnesses had been doing drugs.  It was certainly good strategy to argue to the jury that those witnesses should not be believed – that their testimony was not credible – because they had been doing drugs.  If the jury had accepted that argument, they presumably would have acquitted Cherry on the kidnapping and felonious assault charges.  But the fact that they had been doing drugs[1] did not disqualify them from testifying.  Indeed the credibility of witnesses is an issue reserved for the jury.  The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims.  *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

**Conclusion**

Because all of Cherry's claims are either procedurally defaulted or without merit, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 5, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Cherry's claim that they had been doing drugs is not backed up by any citation to evidence to that effect in the record. See Reply, ECF No. 9, PageID 892.  This failure to cite the record fails to comply with the Order for Answer which requires the parties to cite to the record.  (ECF No. 2, PageID 26: "All papers filed in the case thereafter by either party shall include record references to the PageID number").

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #