# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON

ASHANTI AKINTUNDACHERRY,

Petitioner, : Case No. 3:26-cv-00006

- vs -

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden
Southeastern Correctional Institution
Respondent

:

Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

---

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 17). As a post-judgment motion, it is deemed dispositive, requiring a report and recommendations from the assigned Magistrate Judge.

Petitioner's Motion is made under Fed.R.Civ.P. 60(b)(1) and claims his failure to file timely objections to the Report and Recommendations (the "Report," ECF No. 10) on the merits was caused by excusable neglect in that the inmate who had been helping him litigate his case became unavailable for disciplinary reasons. Petitioner reports his own paperwork was taken approximately June 8, but returned July 8, 2026. Apparently the assisting fellow inmate is still unavailable.

The chronology is important. The Report was filed and served May 5, 2026, and included the required Notice that objections were due seventeen days later. On May 17, 2026, Petitioner

sought a forty-five day extension of time to object (ECF No. 11) which the undersigned granted (ECF No. 12). There is no mention in the motion of anything about the assisting inmate. That made objections due July 6, 2026. Petitioner neither filed objections nor requested a further extension of time to do so, so Judge Rose adopted the Report and dismissed the case (ECF No. 13).

The first this Court heard of the missing assisting inmate was in the Motion for Reconsideration (ECF No. 15), filed August 10, 2026, the very last day a motion could be filed under Fed.R.Civ.P. 59(e). The Motion again says nothing about any objection on the merits to the Report. The undersigned recommended denying the Motion for Reconsideration because Petitioner only sought "a new chance to object; his Rule 59(e) motion contains no grounds upon which the Court's decision is asserted to be in error. (ECF No. 16, PageID 917). The same R&R advises Petitioner that "If he has substantive responses to make to the judgment, he may file a motion for relief from judgment under Fed.R.Civ.P. 60." *Id.* at PageID 918.

Petitioner's instant motion under Fed.R.Civ.P. 60(b)(1) makes no substantive objections at all. Instead he reiterates his claims about the assisting inmate which are procedural only. Petitioner has now had the Report for more than ninety days. While prisoners are entitled to the assistance of fellow inmates in litigating habeas corpus cases, they are not entitled to delay the process of the Court for an indefinite period until their preferred assisting inmate is available.

**Conclusion**

Accordingly the Magistrate Judge respectfully recommends that the current Rule 60(b) motion be denied without prejudice to its renewal with any substantive objections Petitioner has

to the Report not later than September 15, 2026.

August 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #